## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **Heather Bernstein, individually and on behalf of all others similarly situated**, | |
| **Plaint**iff, | **ClassAction Complaint** |
| **V.** | **C.A. NO. _____** |
| **Conopco, Inc.,** | |
| **Defendant.** | |

Heather Bernstein (hereafter also referred to as "Plaintiff") alleges, based upon personal knowledge related to herself, and upon information and belief, obtained in part from an investigation conducted by her attorneys, as to all other matters, as follows:

### INTRODUCTION

1.  Plaintiff brings this putative class action lawsuit, on behalf of herself and a class of similarly situated Massachusetts individuals (hereafter also referred to as "Class"), against Conopco, Inc. (hereafter also referred to as "Conopco" or "Defendant").

2.  Plaintiff seeks to remedy Defendant's deceptive labeling, marketing, and sale of its "Breyers Delights Vanilla Bean Low Fat Ice Cream" (hereafter also referred to as "Product")

3.  Defendant has misled Plaintiff and reasonable consumers to believe the Product contains vanilla beans as the ingredient that provides for the Product's characterizing vanilla flavor.

1

4. In reality, it contains "natural flavor," as the ingredient that provides for the Product's characterizing vanilla flavor.

5. Plaintiff seeks damages, injunctive relief, and a jury trial for Defendant's deceptive and misleading actions that have unjustly enriched the Defendant.

**PARTIES**

6. Plaintiff is currently, and has been throughout the Class Period, a Massachusetts resident and she currently lives in the municipality of Pittsfield, Berkshire County, Massachusetts. During the Class Period, Plaintiff purchased Defendant's Product on several occasions based on the representation and reasonable belief that the Vanilla Bean ice cream contained vanilla beans.

7. Defendant is a New York corporation with a principal place of business in Englewood Cliffs, New Jersey.

**JURISDICTION AND VENUE**

8. Jurisdiction of this Court is proper under 28 U.S.C. §1332(d)(2).  Diversity jurisdiction exists as Defendant is a New York corporation with its principal place of business in New Jersey and Plaintiff is a resident of Massachusetts.  The amount in controversy exceeds $5,000,000 for Plaintiff and the Class, exclusive of interest and costs, reaped by Defendant

from their transactions with Plaintiff and the Class, as a direct and proximate result of the wrongful conduct alleged herein, and by the injunctive and equitable relief sought.

9. Jurisdiction is proper according to the Class Action Fairness Act of 2005 (hereafter also referred to as "CAFA"). 28 U.S.C. § 1332(d)(2).

10. Venue is proper within this judicial district under 28 U.S.C. § 1391 because a substantial portion of the underlying transactions and events complained of herein occurred in this judicial district.

## SUMMARY OF THE CASE

11. Plaintiff and the Class purchased Defendant's Product on the reasonable, but the mistaken, belief that the Product contained vanilla beans.

12. The Product's front label prominently and conspicuously displays the words "Vanilla Bean" ice cream and an image of a flowering vanilla plant that contains vanilla seeds from the vanilla pod.

13. The prominent and conspicuous display of the word "Vanilla Bean" on the Product's front label misleads reasonable consumer to believe that the Product contained vanilla beans as the Product's characterizing ingredient that delivers the Product's promised vanilla flavor.

14. Images of a flowering vanilla plant and vanilla bean pods on the Product's front label further misled Plaintiff and reasonable consumers to believe that the Product contained

vanilla beans as the Product's characterizing ingredient, which delivers the Product's promised vanilla flavor.

15. Additionally, the Product's tiny black specks misled Plaintiff and the Class to mistakenly believe that the Product contained vanilla beans.

16. In truth, however, the Product does not contain vanilla beans.

17. Instead, the Product is flavored by "natural flavor" that provides for the Product's characterizing vanilla flavor.

18. Defendant deceives Plaintiff and the Class into believing that its Product contains vanilla as its characterizing ingredient, in the form of vanilla bean seeds from the vanilla bean pod portion of the vanilla orchid plant.

19. Defendant's labeling its Product as if it contains vanilla beans as an ingredient, without reference to any wording that would inform reasonable consumers that the Product does not contain vanilla beans, is deceptive, misleading, and unjust.

20. Defendant intends that consumers rely upon the Product's front label, and reasonable consumers, do in fact, rely on the Product's front label to honestly state the nature of its ingredients.

4

21. Defendant's deception flows from the fact that the Product does not disclose, on the Product's front label, that the Product is a vanilla-flavored product that does not contain vanilla as an ingredient in the form of vanilla beans.

22. Since the Product does not disclose that vanilla is a flavor and not an ingredient, the Product's labeling is not in compliance with federal food labeling laws and regulations and substantively identical state food labeling laws and regulations.

23. Substantively identical federal and Massachusetts laws deem a food product "misbranded" if "its labeling is false or misleading in any particular." (See 21 U.S.C. § 343(a) and Massachusetts ALM GL ch. 94 § 187.)

24. Any food product that is expected to contain its characterizing ingredient but does not, and instead is flavored, must disclose that fact to consumers on the Product's front label. Failure to do so misleads reasonable consumers into believing they are purchasing a food product with qualities it does not have and is in clear violation of the law.

25. Defendant's actions in its representations and omissions relating to vanilla Beans as an ingredient are deceptive, misleading, and provide the basis for an unjust enrichment claim.

**PRODUCT LABEL**

26. Below are images of the Product's front label and a listing of the ingredients depicted on the label located on the Product's backside on its ingredient list.

5

27. Image 1 below is an image of the Product's front label.



*Image 1*

28. Image 2 below is an image of the ingredients depicted on the label's ingredient list located

on the Product's backside.

**INGREDIENTS:** SKIM MILK, SOLUBLE
CORN FIBER, ERYTHRITOL, MILK PROTEIN
CONCENTRATE, CREAM, **LESS THAN 2% OF:**
SUGAR, VEGETABLE GUMS (GUAR, CAROB
BEAN), NATURAL FLAVOR, REB A (STEVIA
LEAF EXTRACT), VITAMIN A PALMITATE.

*Image 2*

6

## FEDERAL AND STATE STATUTORY AND REGULATORY
## FOOD LABELING FRAMEWORK

### Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*.

29. The federal "Food, Drug, and Cosmetic Act," codified at 21 U.S.C. § 301 et. seq., (hereafter also referred to as "FDCA"), is a federal statute that comprehensively but not exclusively regulates the sale of food products to the consuming public.

30. The FDCA deems food "misbranded" if its labeling is "false or misleading in any particular." (See 21 U.S.C. § 343(a)(1))

31. The FDCA defines the term "food" to include "articles used for food or drink for man." (See 21 U.S.C. §§ 321(f))

32. Ice cream products are considered food according to the FDCA's definition of food.

33. One of the primary reasons for enacting the FDCA was to prevent misbranding of food product labeling.

34. The FDCA considers a food product misbranded if "any" representation is false or misleading. It prohibits any statement, design, or device that may deceive or mislead consumers who are misled by such actions.

**Federal Food and Drug Administration's Food Labeling Regulations**

35. The FDCA gives the federal Food and Drug Administration (hereafter also known as "FDA") the responsibility to ensure that foods are correctly labeled. (See 21 U.S.C. § 393(b)(2)(A))

36. The FDA oversees food labeling in the United States through a detailed and comprehensive regulatory umbrella that includes the FDCA's federal statutes and the FDA's federal regulations.

37. According to the FDA's authority from the FDCA, the FDA has promulgated comprehensive regulations to implement the FDCA concerning food labeling requirements (hereafter also referred to as "FDA Regulations") (See 21 C.F.R. § 101.1 *et seq*.)

38. 21 C.F.R. § 101.22 contains the federal regulations that apply to food labeling.

39. 21 C.F.R. § 101.22(i) contains the specific regulation that applies when a food label makes a representation about a "primary recognizable flavor(s), by word, vignette, e.g., the depiction of a fruit, or other means."

40. Massachusetts has expressly adopted the federal labeling requirements. Massachusetts food labeling laws require that all packaged food complies with all labeling requirements in federal food regulation, 21 C.F.R. § 101.22.  (See 105 CMR 590.001; Massachusetts Food Code § 3-201.11)  Massachusetts requires this "to safeguard public health and provide

8

to consumers food that is safe, unadulterated, and honestly presented."; Massachusetts Food Code § 3-601.12("[f]ood shall be offered for human consumption in a way that does not mislead or misinform the consumer.")

41. The information panel on a food product which, per 21 C.F.R. § 101.2(a), is "that part of the label immediately contiguous and to the right of the principal display panel," must include a "designation of ingredients" that consists of a listing of the food's ingredients "by common or usual name in descending order of predominance."  (See 21 C.F.R. § 101.4(a)(1))

42. The FDCA prohibits the misbranding of any food. (See 21 U.S.C. §331(b)) Generally, a food is "misbranded" if, among other things, its labeling is false or misleading."  (See 21 U.S.C. § 343)  21 C.F.R. §101.22 (i) specifically provides:

> If the label, labeling, or advertising of a food makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit, or other means, or if for any other reason the manufacturer or distributor of a food wishes to designate the type of flavor in the food other than through the statement of ingredients, such flavor shall be considered the characterizing flavor and shall be declared in the following way:
>
>> (1) If the food is one that is commonly expected to contain a characterizing food ingredient, e.g., strawberries in "strawberry shortcake," and the food contains natural flavor derived from such ingredient and an amount of characterizing ingredient insufficient to independently characterize the food, or the food contains no such ingredient, the name of the characterizing flavor may be

immediately preceded by the word "natural" and shall be immediately followed by the word "flavored" in letters not less than one-half the height of the letters in the name of the characterizing flavor, e.g., "natural strawberry flavored shortcake," or "strawberry flavored shortcake."

43. The Product sold by Defendant is characterized as Vanilla Bean Ice Cream.  It does not contain Vanilla Bean but rather is flavored with natural flavor.  Therefore, by law, Defendant must disclose that the Product is flavored on the Product's front label.  Defendant has failed to make such a disclosure and therefore is not in compliance with the law.

## FEDERAL AND MASSACHUSETTS FOOD LABELING LAWS
## ARE SUBSTANTIVELY IDENTICAL

44. Plaintiff does not plead, and as a result of this disclaims, causes of action under the FDCA, and regulations promulgated thereunder by the FDA. Plaintiff relies on the FDCA and FDA regulations only to the extent such laws and regulations have been separately enacted as state laws or regulations or provide a predicate basis of liability under state law.

45. Massachusetts law provides that a food is considered misbranded if the food label is false or misleading in any particular, and further incorporates by reference the federal food labeling laws and regulations.

46. Plaintiff is not alleging causes of action under the FDCA and FDA Regulations.  Plaintiff relies on the FDCA and the FDA Regulations only to the extent that the FDCA and the

FDA Regulations have been independently and separately enacted as state food labeling laws and regulations, and further provide a basis of liability under Massachusetts Law.

47. Plaintiff is not suing because Defendant's conduct violates the FDCA and the FDA Regulations. Instead, Plaintiff is suing for Defendant's conduct that is not in compliance with the FDCA and the FDA Regulations. Therefore, Defendant's conduct violates Massachusetts Law and provides the basis for Plaintiff's unjust enrichment claim

48. Since federal and Massachusetts food labeling laws and regulations identically prohibit misbranded food products, federal food labeling laws and regulations do not preempt Massachusetts food labeling laws and regulations.

**INGREDIENT VERSUS FLAVOR**

**49.** Some oil, protein, essence, or other extraction of the vanilla bean may have been used to create the Product's natural flavor. However, that natural flavor does not consist of "vanilla beans," as a reasonable consumer would understand. Instead, the scientists who created the Product's natural flavor would have isolated proteins from the vanilla bean's cells and tissue or extracted oils or essences from the vanilla bean. However, because those isolated compounds may not taste like vanilla, the scientist would have combined those extractions with any other extractions from other plants and animals to create a flavoring substance that tastes like vanilla. (See https://www.scientificamerican.com/article/what-is-the-difference-be-2002-07-29/ , last accessed January 28, 2021, describing the process for creating natural flavors.)

11

50. Properly indicating that the Product is flavored is not only a legal requirement, but it is a material term on which a reasonable consumer rely.

## COMPETITOR PRODUCTS

51. Images 3 and 4 below are image of the front label and the ingredient list located on the label on the backside, respectively, of a Hagen-Dazs vanilla bean ice cream distributed by Nestle Dreyer's Ice Cream Company.

52. The Product's front label, Image 3, displays the words "vanilla bean" ice cream and depicts the words "vanilla bean" on the ingredient list located on the label on the Product's backside.

53. The Haagen-Dazs Vanilla Bean Ice Cream is a product that, like Conopco's Product, displays the words vanilla bean on the product's front label as the ingredient responsible for the product's characterizing vanilla flavor.

54. However, unlike Conopco's Product, the Haagen-Dazs Vanilla Bean Ice Cream displays the words "Vanilla Bean" on its ingredient list (Image 4).

55. Unlike Conopco's Product, vanilla beans is an ingredient are responsible for the Haagen-Dazs product's characterizing vanilla flavor.

56. Therefore, the Haagen-Dazs Vanilla Bean Ice Cream is lawfully labeled and not
misbranded.



*Image 3*

**INGREDIENTS:** CREAM, SKIM MILK, CANE SUGAR, EGG YOLKS, GROUND VANILLA BEANS, VANILLA EXTRACT.

*Image 4*

57. Images 5 and 6 below are, respectively, images of the front label and the ingredient list
located on the label on the backside of a Halo Top Vanilla Bean Ice Cream distributed by
Wells Enterprises, Inc. dba Wells Dairy, Inc.

58. The Halo Top product's front label displays the words "vanilla bean" ice cream (Image 5) and depicts the words "vanilla bean" on the ingredient list located on the label on the product's backside (Image 6).

59. The  Halo Top Vanilla Bean Ice Cream is a product that, like Conopco's Product, displays the words vanilla bean on the product's front label as the ingredient responsible for the product's characterizing vanilla flavor.

60. However, unlike Conopco's Product, the HaloTop Vanilla Bean Ice Cream displays the words "Vanilla Bean" on its ingredient list.

61. Unlike Conopco's Product, vanilla beans as an ingredient are responsible for the Halo Top product's characterizing vanilla flavor.

62. Therefore, the Halo Top product is lawfully labeled and not misbranded.



*Image 5*

**Ingredients:**

Skim Milk, Eggs, Erythritol, Prebiotic Fiber, Milk Protein Concentrate, Cream, Organic Cane Sugar, Vegetable Glycerin, Natural Flavor, Sea Salt, Vanilla Beans, Organic Carob Gum, Organic Guar Gum, Organic Stevia Leaf Extract.

*Image 6*

## CLASS ACTION ALLEGATIONS

63. Plaintiff brings this action on behalf of herself and on behalf of all other individual Massachusetts consumers who purchased Defendant's Product. The Class Period is limited to the statute of limitations applicable to the cause of action. Plaintiff brings this class action lawsuit pursuant to Federal Rule of Civil Procedure 23(a), and 23(b)(1), 23(b)(2) and 23(b)(3). Excluded from the Class are the Defendant and its employees, principals, affiliated entities, legal representatives, successors, and assigns.

64. Upon information and belief, thousands of Class members are geographically dispersed throughout Massachusetts. Therefore, individual joinder of all members of the Class would be impracticable.

65. Common questions of law or fact exist as to all members of the Class. These questions predominate over the questions affecting only individual class members. These common legal or factual questions include: (1)whether Defendant's labeling of its Product is likely

to deceive class members; (2) whether Defendant's representations are unlawful; and (3) the appropriate measure of damages and restitution.

66. Plaintiff's claims are typical of the Class's claims in that Plaintiff was a consumer who purchased Defendant's Product in Massachusetts that was characterized by a specific ingredient yet did not contain that ingredient.  Instead, it was flavored – a fact that was not disclosed on the Product's front label. Therefore, Plaintiff is no different in any relevant respect from any other Class member, and the relief sought is common to the Class.

67. Plaintiff is an adequate representative of the Class because her interests do not conflict with the Class members' interests she seeks to represent. She has retained counsel competent and experienced in conducting complex class action litigation.  Plaintiff and her counsel will adequately protect the interests of the Class.

68. A class action is superior to other available means for the fair and efficient adjudication of this dispute.  The damages suffered by each individual Class member likely will be relatively small, especially given the relatively small cost of the food products at issue and the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's conduct.  Thus, it would be virtually impossible for Class members individually to effectively redress the wrongs done to them.

69. Moreover, even if Class members could afford individual actions, it would still not be preferable to class-wide litigation. Individualized actions present the potential for

inconsistent or contradictory judgments.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

70. In the alternative, the Class may be certified because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief for the Class.

**COUNT I**
**Unjust Enrichment**

71. Plaintiff alleges and incorporates by reference the allegations in all of this Complaint's preceding paragraphs as though fully set forth therein.

72. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched. Expressly, by its misconduct described herein, Defendant has accepted a benefit in the form of monies paid by Plaintiff and the Class.  The Defendant had an appreciation or knowledge of the benefit conferred on it by Plaintiff and the Class.

73. It would be inequitable for Defendant to retain the profits, benefits, compensation, consideration, and other monies obtained by and from its wrongful conduct in promoting, marketing, distributing, and selling the Product. On behalf of herself and all others similarly situated, Plaintiff seeks restitution from Defendant an order of this Court proportionally disgorging all profits, benefits, compensation, consideration, and other monies obtained by Defendant from its wrongful conduct.

17

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment as follows:

    a.  Certification of the Class under Federal Rule of Civil Procedure 23 and appointment of Plaintiff as representative of the Class and her counsel as Class Counsel;

    b.  Actual damages;

    c.  Restitution and disgorgement of Defendant's revenues or profits to Plaintiff and the members of the proposed Class as permitted by applicable law;

    d.  Statutory pre-judgment and post-judgment interest on any amounts;

    e.  Payment of reasonable attorneys' fees and recoverable litigation expenses as may be allowable under applicable law; and

    f.  Such other relief as the Court may deem just and proper.

### Jury Demand

Plaintiff requests a trial by Jury on all claims.

Heather Bernstein,
By Counsel,

*/s/ John T. Longo*      *1/28/21*
_____
John T. Longo, Esq. MA BBO 632387
Law Office of John T. Longo
177 Huntington Avenue, 17th Fl, Suite 5
Boston, MA 02115
Phone (617) 863-7550
jtlongo@jtlongolaw.com

*/s/ Peter N. Wasylyk*
_____
Peter N. Wasylyk, RI Bar #3351

18

*(Pro Hac Vice To Be Filed)*

Law Offices of Peter N. Wasylyk
1307 Chalkstone Avenue
Providence, RI 02908
Phone (401) 831-7730
Fax (401) 861-6064
pnwlaw@aol.com